UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:11-cv-00109-TBR

JAMES MILLEA                                                                    Plaintiff

v.

FORD MOTOR COMPANY, *et al.*                                         Defendants

## MEMORANDUM OPINION

This matter is before the Court upon Defendant Ford Motor Company's Motion for Summary Judgment. (Docket No. 75.) Plaintiff James Millea has responded. (Docket No. 98.) Defendant Ford Motor Company has replied. (Docket No. 103.) This matter is now fully briefed and ripe for adjudication. For the following reasons and consistent with the below opinion, the Court will **DENY** Defendant Ford Motor Company's Motion for Summary Judgment. (Docket No. 75.)

BACKGROUND

On July 9, 2010, Plaintiff James Millea was involved in an automobile collision while operating a 2000 Ford Ranger.[1] (Docket No. 1, ¶ 10.) At the time of the automobile collision, that vehicle's airbag deployed. *Id.* Plaintiff Millea alleges he suffered injuries and damages as a result of this deployment. Specifically, Plaintiff alleges he sustained third degree burns to his right hand/fingers upon contact with the

---

[1] The collision occurred at an intersection in Murfreesboro, Tennessee. According to the Tennessee Uniform Police Traffic Crash Report, a vehicle driven by James C. Coleman struck the 2000 Ford Ranger driven by Plaintiff when Coleman attempted to make a left hand turn.

airbag inflator. (Docket No. 98, at 1-2.) There does not appear to be a dispute that these burns were a result of Plaintiff's right hand coming in contact with the driver's side airbag inflator after the collision. (*See* Docket No. 98, at 2.)

On July 8, 2011, Plaintiff filed a Complaint against Ford Motor Company and several others alleging a breach of the standard of care because the vehicle and the airbag system were defective in that they were negligently designed, manufactured, supplied, sold, advertised, distributed, and marketed by the Defendants. (*See* Docket No. 1, ¶ 16.) Specifically, Plaintiff alleges that the airbag deployed "with such force and heat so as to cause severe burns to the consumer and/or user" and that "the Defendants failed to properly instruct as to the use and/or warn all consumers and/or users of all dangers associated with the Vehicle and/or airbag." (Docket No. 1, ¶ 16.)

STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to

each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

Plaintiff alleges that the combination of the driver airbag module cover and the steering wheel design unnecessarily increased the risk of post deployment burns. Plaintiff has alleged a (1) "crashworthiness" or enhanced injury design defect claim; (2) a failure to warn claim; (3) a manufacturing defect claim; and (4) a breach of warranty claim.

Plaintiff Millea has stated that he is no longer pursuing claims for failure to warn, manufacturing defect, and breach of warranty, and, therefore, those claims can be dismissed. (*See* Docket No. 98, at 18.) Accordingly, the Court will dismiss those claims and will determine whether genuine issues of material fact exist as to the

defective design/crashworthiness claim, which would preclude granting summary judgment to Defendant Ford Motor Company.

Crashworthiness or Enhanced Injury Design Defect Claim

"The elements of a *prima facie* crashworthiness claim are: (1) an alternative safer design, practical under the circumstances; (2) proof of what injuries, if any, would have resulted had the alternative, safer design been used; and (3) some method of establishing the extent of the enhanced injuries attributable to the defective design." *Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35, 41 (Ky. 2004). Additionally, under Kentucky law, "the plaintiff in a defective design action must produce evidence to 'justify a reasonable inference of probability rather than a mere possibility that the [alleged design defects] were responsible' for her injuries." *Stewart v. General Motors Corp.*, 222 F. Supp. 2d 845, 848 (W.D. Ky. 2002) (citation omitted). Defendant argues Plaintiff is unable to create a genuine issue of fact as to any of the three elements.

I. Plaintiff is Unable to Allege a Genuine Issue of Fact as to the Necessary Elements of a Crashworthiness or Design Defect Claim

Defendant's argument for why Plaintiff has failed to create a genuine issue of material fact as to each element of a crashworthiness/design defect claim is premised on Defendant's motion *in limine* to exclude the alternative design testimony from Plaintiff's Expert Ted Zinke. (Docket No. 76.) In a separately entered Memorandum Opinion and Order, the Court held that Zinke's opinion testimony on the alternative designs is not admissible under *Daubert*. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Accordingly, Plaintiff is unable to establish the first element of a

*prima facie* crashworthiness/design defect claim: an alternative safer design, practical under the circumstances.

Additionally, without the testimony by Zinke on the alternative designs, Plaintiff is unable to establish the second element of a *prima facie* crashworthiness/design defect claim: proof of what injuries, if any, would have resulted had the alternative, safer design been used. Plaintiff is also unable to establish the third element: some method of establishing the extent of the enhanced injuries attributable to the defective design.

"[T]he plaintiff in a defective design action must produce evidence to 'justify a reasonable inference of probability rather than a mere possibility that the [alleged design defects] were responsible' for [his injuries]." *Stewart*, 222 F. Supp. 2d 845, 848 (W.D. Ky. 2002) (citation omitted). Without Zinke's opinion on the alternative designs, Plaintiff is unable to allege a genuine issue of fact as to any of the three elements of a crashworthiness/design defect claim. Accordingly, the Court will **GRANT** Defendant Ford Motor Company's Motion for Summary Judgment. (Docket No. 75.)

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant Ford Motor Company's Motion for Summary Judgment is **GRANTED**, (Docket No. 75), consistent with the above opinion.

IT IS SO ORDERED.

Date:

cc:     Counsel